IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| RONALD GOFORTH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 3:02 cv 1046 DGW |
| | ) | |
| STEVEN C. BRYANT, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This matter is before the court on the Motion for Reconsideration filed by the petitioner, Ronald Goforth, on August 10, 2004 (Doc. 51), the Second Motion for Reconsideration filed by Goforth on October 21, 2004 (Doc. 66), and the Third Motion for Reconsideration filed by Goforth on October 25, 2004 (Doc. 68).  For the reasons set forth below, the Motion for Reconsideration is **DENIED** (Doc. 51), the Second Motion for Reconsideration is **DENIED AS MOOT** (Doc. 66) and the Third Motion for Reconsideration is **GRANTED** (Doc. 68).

BACKGROUND

On June 10, 2004, Magistrate Judge Gerald B. Cohn entered an order denying the petitioner's, Ronald Goforth's, petition for a writ of habeas corpus (Doc. 41).  In doing so, Judge Cohn found that the majority of Goforth's claims were procedurally defaulted as they were not raised in the state court proceedings and that a remaining claim, for ineffective assistance of counsel related to the failure to assert a speedy trial claim, did not warrant the issuance of a writ. After this order was entered, a number of motions for reconsideration and appeals were docketed.

On June 28, 2004, Goforth filed a motion to alter or amend the judgment pursuant to

Federal Rule of Civil Procedure 59(e) (Doc. 44).  On July 14, 2004, Goforth appealed the June

10, 2004 order to the Seventh Circuit Court of Appeals (Doc. 46).  This appeal was docketed on

August 17, 2004 as appellate case 04-3128 (Doc. 53).  On July 30, 2004, Judge Cohn denied the

June 28th motion to alter judgment (Doc. 50).  In doing so, Judge Cohn found that Goforth had

abandoned his motion to alter judgment as he had also filed an appeal.  Goforth filed a motion

for reconsideration on August 10, 2004 (Doc. 51) in which he sought reconsideration of the

Order denying his June 28th Rule 59(e) motion.  He also filed an amended appeal to include an

appeal of the July 30th Order (Doc. 54).  This appeal was docketed on August 24, 2004 as

appellate case 04-3188 (Doc. 58). On October 7, 2004, Judge Cohn entered an order granting the

August 10th motion for reconsideration (Doc. 63).  This order, while reconsidering and vacating

the July 30th order, nonetheless denied the June 28th motion after considering the petitioner's

arguments on the merits pursuant to Federal Rule of Civil Procedure 60(b) (as oppose to Rule

59(e)).  Goforth filed a third appeal, on October 18, 2004, which challenged the October 7th order

(Doc. 64).  This appeal was docketed on October 20, 2004 as appellate case 04-3694.

Thereafter, Goforth filed two more motions to reconsider, on October 21, 2004 (Doc. 66) (in

which he assigned error to Judge Cohn's conversion of his Rule 59(e) motion into a Rule 60(b)

motion) and on October 25, 2004 (Doc. 68) (regarding and unrelated appellate filing fee

assessment).

On February 9, 2005, the Seventh Circuit issued a mandate remanding this case.  (Doc.

75).  In the order, the Court of Appeals denied Goforth's application for a certificate of

appealability with respect to appellate cases 04-3128 and 04-3188.  As noted above, these

appeals involved the June 10th order denying the application for a writ of habeas corpus and the

2

July 30th order denying Goforth's June 28th motion for reconsideration pursuant to Rule 59(e).

The Court of Appeals, however, remanded this case with respect to appellate case 04-3694.  In

doing so, the Court of Appeals vacated the October 7th order and stated that: "Goforth's notice of

appeal from the judgment denying his petition and Rule 59(e) motion divested the district court

of jurisdiction to grant the Rule 60(b) motion . . . .  Accordingly, the October [7th] decision is a

nullity . . . and the July [30th] order is still effective."

    As the October 7th order issued by Judge Cohn has been vacated, the August 10th motion

for reconsideration, challenging Judge Cohn's finding that Goforth had abandoned his Rule

59(e) motion, is now pending.  In addition, Goforth has filed two more motions for

reconsideration (Docs. 66 and 68), the first concerning the now vacated October 7th order, and

the second concerning another order also entered on October 7th which denied a refund of

docketing fees, respectively (Doc. 62).

DISCUSSION

DOCUMENT 66: MOTION TO RECONSIDER ORDER DENYING
MOTION TO RECONSIDER THE ORDER DENYING THE RULE 59(E) MOTION

    As an initial matter, the motion to reconsider the now vacated order is necessarily moot:

there is no valid order to reconsider.  Therefore, the "motion for reconsideration of this Court's

October 7, 2004 order which denied the petitioner's motion for reconsideration, a new hearing,

and to alter or amend the judgment" filed by Goforth must be denied as moot.

DOCUMENT 51: MOTION TO RECONSIDER ORDER DENYING RULE 59(E) MOTION

    In denying Goforth's application for a certificate of appealability, the Seventh Circuit

3

necessarily found that Goforth had not shown that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336, 123 S.Ct. 1029, 1039 (2003) (quotation marks and citation omitted). Thus, the Seventh Circuit found that the order denying the petition for a writ of habeas corpus and the order denying the Rule 59(e) motion did not warrant appellate consideration. As such, even if this Court were to grant this motion for reconsideration, any such order would have to be consistent with the Seventh Circuit finding, in this case, that there were no substantial constitutional matters that were decided erroneously or overlooked by this Court. For this reason, alone, the motion must be denied.

In any event, even if this Court were to reconsider the original order denying the writ of habeas corpus under Rule 59(e) (as Goforth urges in his October 21st motion (Doc. 66)) or Rule 60(b), this Court finds no error in the order that would warrant relief from judgment. For these purposes, this Court finds that Goforth's motion was timely filed pursuant to Rule 59(e). See Edwards v. United States, 266 F.3d 756, 758-759 (7th Cir. 2001) (applying a "prison mailbox rule" to the timely filing of a Rule 59(e) motion). The only grounds for a Rule 59(e) motion are "newly discovered evidence, an intervening change in the controlling law, and manifest error of law." Cosgrove v. Bartolotta, 150 F.3d 729, 732 (7th Cir. 1998). In Goforth's Rule 59(e) motion (Doc. 44), he asserts that his petition for a writ of habeas corpus was hampered by the lax legal representation provided by a court appointed attorney, James Stern. Goforth argued that his attorney's failure to timely file a reply, to the respondent's answer, prevented him from rebutting the procedural default argument made by the respondent. As Goforth did not present newly

discovery evidence or suggest an intervening change in the law, his Rule 59(e) motion can only be brought pursuant to a manifest error of law.  Goforth argues that this Court committed error when it did not have all of the relevant facts that he would have presented had his attorney properly submitted a reply brief.

Goforth is not entitled to reconsideration based on the failure of his attorney to do some act.  The failure of his attorney to submit arguments to the Court does not translate into a manifest error of law.  See Oto v. Metropolitan Life Insurance Company, 224 F.3d 601, 606 (7th Cir. 2000) ("A manifest error is not demonstrated by the disappointment of the losing party.  It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." (citation and quotation marks omitted)); See also Bordelon v. Chicago School Reform Board of Trustees, 233 F.3d 524, 529 (7th Cir. 2000).  At not point in Goforth's motion does he assert that Judge Cohn made an error of law: rather, he asserts that Judge Cohn did not have all the facts that Goforth wished to present.  A Rule 59(e) motion cannot be used to present evidence that Goforth could or should have presented prior to judgment.  See Popovits v. Circtiut City Stores, Inc., 185 F.3d 726, 730 (7th Cir. 1999).  Goforth could have filed a reply to the respondent's answer and did not.  That this failure was the result of his attorney's failure to properly file motions and other documents with this Court does not necessarily require that the judgment entered here be vacated.  For this additional reason, this motion must be denied.[1]

---

[1] In addition, after a review of Goforth's reply to the respondent's answer and a review of the record in this case, the Court finds no reason to modify the original order denying the Goforth's petition for a writ of habeas corpus.  Even if this Court were to reconsider Goforth's petition this Court still would find that he had procedurally defaulted the ineffective assistance of trial counsel argument for failing to seek suppression of evidence seized pursuant to a "no-knock" search warrant.

DOCUMENT 68: MOTION TO RECONSIDER
ORDER DENYING THE REFUND OF APPELLATE DOCKETING FEES

When Goforth filed his first notice of appeal on July 14, 2004, it was assigned appellate number 04-3128.  When he filed his "amended notice of appeal" on August 23, 2004, it was given a separate appellate number of 04-3188.   Goforth was thus charged two appellate docketing fees of $255.00.  In Goforth's September 27, 2004 motion, he seeks reimbursement for one of those docketing fees.  Goforth argued that the second "appeal" merely amended the first and he should not have been made to pay an additional appellate fee.  On October 7, 2004, Judge Cohn denied this motion and stated that, as two separate appellate numbers were assigned to these two appeals, Goforth in fact filed two separate appeals which warranted two separate assessments.  Goforth now seeks reconsideration of that order.

Federal Rule of Appellate Procedure 4 governs the filing of an appeal as of right. Appellate Rule 4(a)(1) states that a notice of appeal must be filed within 30 days of a judgment entered by the district court.  Appellate Rule 4(a)(4)(A) goes on to state that if a party files a Federal Rule of Civil Procedure 59 or 60 motion, the time for filing an appeal starts from the date an order is entered on such a motion.  The Appellate Rule then provides:

> (B)(i) If a party files a notice of appeal after the court announces or enters a judgment--but before it disposes of any motion listed in Rule 4(a)(4)(A)--the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.

> (ii) A party intending to challenge an order disposing of any motion listed in Rule 4(a)(4)(A), or a judgment altered or amended upon such a motion, must file a notice of appeal, or an amended notice of appeal--in compliance with Rule 3(c)--within the time

6

prescribed by this Rule measured from the entry of the order
disposing of the last such remaining motion.

(iii) *No additional fee is required to file an amended notice.*

Federal Rule of Appellate Procedure 4(a)(4) (emphasis added).

In this case, a final judgment was entered on June 10, 2004.  Goforth filed a Rule 59(e)

motion to alter or amend judgment on June 28, 2004.  He then filed a notice of appeal on July 14,

2004 and, when the Rule 59(e) motion was denied on July 30, 2004, an amended notice of

appeal on August 23, 2004.  Thus, if his appeal falls within the parameter of Appellate Rule

4(a)(4)(B)(i) and the second notice is just an amended notice, Goforth asserts that he should not

have been assessed an additional filing fee.

And yet, Goforth did not appeal "as of right."  His appeal was contingent upon the entry

of a certificate of appealability, ergo by permission, and is governed by Appellate Rule 5 and 22.

See 28 U.S.C. §2253(c).  The question now is whether Appellate Rule 4's limitation on the

imposition of a fee applies to Goforth's amended notice of appeal.  It is clear that Goforth owes

at least one filing fee of $255 even though he merely was seeking a certificate of appealability.

See Bell v. Clark, 194 F.3d 781 (7th Cir. 1999); 28 U.S.C. §§1913 and 1917.  The relevant

sections of Appellate Rules 5 nor 22 discuss the imposition of a fee upon an amended notice of

appeal.  However, Appellate Rule 5(d)(1)(A) provides for the payment of "all required fees" if a

certificate of appealability is granted.  And, Appellate Rule 6(b)(2)(A)(iii), governing

bankruptcy appeals, has a provision providing that no fee is to be collected upon an amended

notice of appeal.[2]  It would follow, then, that while the Rules of Appellate Procedure may not

---

[2] A similar, albeit not identical, provision is also found in Appellate Rule 4(b)(3)(C).

specifically so state, an amended notice of appeal filed after the ruling on a Rule 59(e) motion in a habeas case does not require an additional appellate filing fee.  Thus, assessing Goforth an additional filing fee on August 25, 2004 was in error and the amount should be refunded to the plaintiff.

This finding does not end this matter.  After the October 7, 2004 order denying Goforth relief on this issue was docketed, Gofoth appealed this decision in his second amended notice of appeal filed on October 18, 2004.  (Doc. 64) In the mandate issued by the Seventh Circuit, the Court did not specifically address this part of Goforth's appeal and issued no opinion on whether or not Goforth could appeal this decision.  Judge Cohn's order was not a final judgment in Goforth's case and is wholly unrelated to the substantive issues presented by Goforth in his many notices of appeal.  However, it is the type of post-judgment order that may be separately appealable.  See e.g. Tranzact Technologies, Inc. V. 1Source Worldsite, 406 F.3d 851, 854 (7th Cir. 2005).  In any event, given the Seventh Circuit's silence on this particular issue and its remand of this entire appeal (as encompassed by the October 18, 2004 second amended notice of appeal (Doc. 64)), this Court construes the mandate remanding this entire appeal to apply to this particular motion.  This Court, therefore, has the jurisdiction to hear this matter and make a ruling on this motion.  As this Court is granting the relief that Goforth seeks, this Court further assumes that he will no longer seek to appeal this matter to the Seventh Circuit.

In addition to refunding the amount charged for the amended notice of appeal, the Court also notes that the Clerk had assessed a fee for the Second Amended Notice of Appeal filed by Goforth on October 20, 2004.  This amended notice was filed in response to Judge Cohn's order on October 7, 2004 denying Goforth's converted Rule 60(b) motion.  As such, the Clerk also

8

mistakenly assessed an appellate filing fee for that notice.  While Goforth is not specifically asking for this fee to be refunded, he is nonetheless entitled to a refund of this fee for the reasons set forth above.  Therefore, the Clerk is further directed to refund the additional $255.00 in fees received on November 12, 2004.

For the foregoing reasons, the Motion for Reconsideration filed by the petitioner, Ronald Goforth, on August 10, 2004 is **DENIED** (Doc. 51), the Second Motion for Reconsideration filed by Goforth on October 21, 2004 is **DENIED AS MOOT** (Doc. 66), and the Third Motion for Reconsideration filed by Goforth on October 25, 2004 is **GRANTED** (Doc. 68).  The order dated October 7, 2004 is hereby **VACATED** (Doc. 62) and the Motion for refund of over-paid appeal docketing fee filed by Goforth on September 27, 2004 is hereby **GRANTED** (Doc. 61). The Clerk is **DIRECTED** to refund the amount of $510.00, collected as appellate fees in this case and with receipt numbers 300 99483 and 300 100986, to the petitioner, Ronald Goforth.

**DATED: June 17, 2005.**

**s/ Donald G. Wilkerson**
**DONALD G. WILKERSON**
**United States Magistrate Judge**